UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR LOPEZ, individually, and on behalf of himself, and all other similarly situated individuals,<br><br>                  Plaintiff,<br><br>v.<br><br>DON HERRING LTD.<br>                  Defendant. | CIVIL ACTION NO. 3:16-cv-02663-B |

## DON HERRING LTD.'S BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Don Herring Ltd. ("Herring") files this Brief in Support of its Amended Motion to Dismiss and Alternative Motion to Strike ("Brief") and would respectfully show the Court as follows:

### SUMMARY OF BRIEF

1.     In order to state a claim under the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.* ("DPPA"), a plaintiff must demonstrate a defendant knowingly obtained the plaintiff's personal information from records originating from a state's department of motor vehicles for a purpose not permitted by the DPPA.[1]

2.     Plaintiff Arthur Lopez ("Lopez") has failed to plausibly plead how Herring *knowingly* obtained any of his personal information that *originated* from records

---

[1] *See* 18 U.S.C. § 2724(a); *Seigler v. Best Buy Co. of Minnesota, Inc.*, 519 Fed. Appx. 604, 605 (11th Cir. 2013) (per curiam) ("A plain reading of the DPPA makes clear that the Act was intended to prohibit only the disclosure or redisclosure of information *originating* from state department of motor vehicles ('DMV') records." [emphasis in original].

BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS
AND ALTERNATIVE MOTION TO STRIKE          PAGE 1

maintained by the Texas Department of Motor Vehicles ("Texas DMV") – and ignoring the comments the Court made at the Scheduling Conference and Motion Hearing conducted on May 5, 2017 (Doc. No. 44) – Lopez has failed to provide any new allegations in his First Amended Class Action Complaint (Doc. No. 47) ("Amended Complaint"). Rather, even though counsel for Lopez knows more about what happened than his client has recently alleged, Lopez merely makes a conclusory allegation that "third party data suppliers" provided data obtained from the Texas DMV to Herring and has simply recycled his allegation, based only on speculation, that Herring supposedly admitted it knowingly obtained Lopez's personal information from the Texas DMV.

3. Moreover, Lopez has now omitted allegations based on pre-suit communications documented in his original class action complaint (Doc. No. 1) ("Original Complaint") that demonstrate that Lopez's allegations against Herring are not plausible.

4. As a result, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6). Alternatively, the Amended Complaint contains matters that are immaterial, and redundant, and as a result, those matters should be struck pursuant to Rule 12(f).

## I. Facts

5. After generically stating in his Amended Complaint that "Herring is involved in the nation's automotive industry," Lopez alleges that one of Herring's "primary functions" is to identify prospective customers so that it can sell them automobiles. Lopez then alleges, on information and belief, that Herring obtained "sales leads from third-party data suppliers" who supposedly obtained "personal identifying

information of motor vehicle owners from motor vehicle records maintained by the Texas Department of Motor Vehicles."[2]

6. Lopez goes on to state that he subsequently received a "solicitation letter" or "direct marketing letter" ("Mailer") from Herring offering to purchase his vehicle that references his name, address, and the make/model and year of his vehicle.[3] The fine print of the Mailer also references Tacito Direct Marketing.[4]

7. The Amended Complaint goes on to allege that this action amounts to a knowing violation of the DPPA because Lopez was told by a "Senior Sales Associate" at Herring that the source of his vehicle information was "derived from" or obtained from the "Texas State Department of Motor Vehicles." [5]

8. The Amended Complaint also demonstrates that counsel for Lopez contacted Herring to "clarify" the validity of his client's communication with Herring's representative, and while he was supposedly informed that Herring's Senior Sales Associate's statement was "correct," he was also informed that a third party company supplies the information which is "gathered through vehicle registrations."[6]

9. The Court's file also contains documentation that provides additional context to Lopez's allegations. As set forth in attachments filed with his client's Original Complaint, counsel for Lopez communicated directly with several parties (now, former

---

[2] Amended Complaint at 3 ¶ 3 and at 11 ¶ 23.d.
[3] Amended Complaint at 4 ¶ 5. The Mailer is attached to the Amended Complaint as Exhibit 1 (Doc. No. 47-1).
[4] Doc. No. 47-1 at 6.
[5] Amended Complaint at 4 ¶ 5 and at 11 ¶ 23.f.
[6] Amended Complaint at 4 ¶ 5, 11-12 ¶¶ 23.g. -23.h., Exhibits 2 and 3 (Doc. Nos. 47-2 and 47-3, a series of emails between Lopez's attorney and representatives of Herring) and Exhibit 4 (Doc. No. 47-4).

defendants) about the Mailer. More specifically, before filing suit, counsel for Lopez contacted AJ Tacito of Tacito Direct ("Tacito") about the information contained in the Mailer. Tacito responded and stated, "The record for Mr. Lopez came from BB Direct," and "[BB Direct's] auto list is Shelby act [sic] compliant and does not draw from the Texas DMV records."[7]

10. The attachments to the Original Complaint also demonstrate that Brian Berg at BB Direct ("Berg") was contacted by Lopez's attorney in a fashion similar to his pre-suit contact with Herring and Tacito. Berg explained that he obtained the information on the Mailer from:

> "[a] list order [that] came from a company out of TX, called Data Shark. Monica Braverman, owner of Data Shark has told me more than once that her file is Shelby complaint. She said her file sources are oil lube stations, insurance companies and some auto groups. I have no idea which source contributed to this particular record, or if this particular record was one of the ones that was on the list sent to Tacito or not. I've ordered auto data from Monica off and on over the years. We've found errors in her file which confirm to me that her data isn't coming from the DMV, or it would be accurate."[8]

## II. Arguments and Authorities

*Standard of Review*

11. To survive a motion to dismiss filed pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face."[9] A claim is plausible on its face "when the plaintiff pleads factual

---

[7] Original Complaint at 42 ¶ 72 and Exhibit 5 (Doc. No. 1-4, an email exchange between AJ Tacito and Lopez's attorney).
[8] Original Complaint at 43 ¶¶ 76 and 78 and Exhibit 9 (Doc. No. 1-8, and email exchange between Brian Berg and Lopez's attorney).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."[10] The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[11] Furthermore, whether a complaint states a plausible claim for relief is context-specific, and requires the reviewing court to draw on its judicial experience and common sense.[12] While well-pled facts deserve an assumption of truth for purposes of review under Rule 12(b)(6), a court is <u>not</u> obligated to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[14] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15] Moreover, a court may not assume a plaintiff can prove a set of facts beyond those alleged in the complaint.[16] Finally, a court may consider not only the pleading, but any attachments to the pleading and matters of which a court may take judicial notice when conducting a 12(b)(6) analysis.[17]

---

[10] *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556.
[11] *Id*., citing *Twombly*, 550 U.S. at 556.
[12] *Id*. at 679.
[13] *Id.*, citing *Twombly*, 550 U.S. at 556.
[14] *Id.*, citing *Twombly*, 550 U.S. at 556.
[15] *Id.*, quoting *Twombly*, 550 U.S. at 557.
[16] *Reneker v. Offill*, No. 3:08-CV-1394-D, 2009 WL 3365616, *5 (N.D. Tex. Oct. 20, 2009) (mem. op.), citing *Ledesma for Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993) ("If a Complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts.").
[17] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'").

*The Complaint Should Be Dismissed Because Lopez Has Failed to Plausibly Allege That Herring <u>Knowingly</u> Obtained Lopez's Personal Information <u>from The Texas DMV</u>*

12. In a nutshell, the Amended Complaint fails to provide a plausible explanation of how anyone, much less Herring, knowingly obtained Lopez's personal information from the Texas DMV – and there is no disputing that a DPPA plaintiff must be able to plausibly explain how his or her records were knowingly obtained from a state's department of motor vehicles to withstand a review under Rule 12(b)(6).[18]

13. Setting aside the fact that Lopez's presuit investigation identified the parties involved in the transmittal of the Mailer,[19] Lopez's initial, generic allegation that Herring somehow obtained "sales leads" from "data suppliers" who, in turn, supposedly obtained personal information from records maintained by the Texas DMV, based on "information and belief" is a textbook example of a conclusory allegation. Specifically, it fails to provide any details on who provided the sales leads, how said leads contained records or personal information from the Texas DMV, how the Texas DMV's records were supposedly obtained, exactly what was supposedly obtained from the Texas DMV, including, without limitation, any specifics regarding Lopez's records, or the timing of these actions.[20] Without any context or details, this allegation does not make Lopez's DPPA claim plausible, rather, it suggests that it is merely conceivable or perhaps possible that Lopez's records were somehow obtained by someone from the Texas DMV – which

---

[18] *See* 18 U.S.C. § 2724(a); *Seigler*, 519 Fed. Appx. 605; *Pichler v UNITE,* 228 F.R.D. 230, 241-242 (E.D. Pa. 2005), aff'd 542 F.3d 380, 396-97, note 21.
[19] The documentation on file with the Court suggests that Lopez's DPPA allegations are unlikely to have evidentiary support and that the Amended Complaint may have been filed for an improper purpose.
[20] Amended Complaint at 3 ¶ 3.

**BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS
AND ALTERNATIVE MOTION TO STRIKE**                  **PAGE 6**

is insufficient as a matter of law under the *Iqbal/Twombly* standard. As a result, the Amended Complaint should be dismissed.

14.  Lopez's claim that he and his attorney were allegedly told by representatives of Herring that the information contained in the Mailer was knowingly obtained from the Texas DMV is equally conclusory.[21] Exhibit 2 of the Amended Complaint does not verify Mr. Wilson's alleged statement to Lopez – it merely reflects an inquiry made by counsel for Lopez and states, "We will contact you promptly regarding your inquiry."[22] Exhibit 3 of the Amended Complaint fails to demonstrate exactly what counsel for Lopez was asking Mr. Mosley.[23] Even assuming Mr. Mosley was responding to the inquiry reflected in Exhibit 2, Exhibit 3 demonstrates Mr. Mosley was only speculating on the source of the data used in the Mailer because he does not identify the "third party company" referenced in his email – whether that might be Tacito, identified in the fine print of the Mailer, or any of the other parties identified during Lopez's pre-suit investigation. Accordingly, Exhibits 2, 3 of the Amended Complaint and Exhibit 4 of the Amended Complaint[24] offer no plausible support for Lopez's position that Herring, or anyone else, knowingly obtained his records from the Texas DMV, and as a result, the Amended Complaint should be dismissed.

15.  In addition, Lopez's allegations against Herring are not plausible in light of the documentation on file with the Court which confirms that the now-mysterious "third party data suppliers" allegedly involved have denied any violation of the DPPA and

---

[21] Amended Complaint at 4 ¶ 5, 11-12 ¶¶ 23.g. -23.h., Exhibits 2, 3 and 4 (Doc. Nos. 47-2, 47-3 and 47-4).
[22] Doc. No. 47-2.
[23] Doc. No. 47-3.
[24] Doc. No. 47-4.

stated that the personal information used in the Mailer came from sources other than the Texas DMV, namely "oil lube stations, insurance companies, and some auto groups."[25]

16.     In conclusion, when viewed through the lenses of judicial experience and common sense, Lopez's allegations remain conclusory and they still do nothing more than suggest the mere possibility that someone may have obtained Lopez's personal information from the Texas DMV.  As a result, the Amended Complaint fails to establish any violation of the DPPA and it should be dismissed under Rule 12(b)(6).

*Alternative Motion to Strike Redundant, Irrelevant, Immaterial and Impertinent Portions of the Lopez Complaint*

17.     A court may strike matter from a pleading that is "redundant, immaterial, impertinent, or scandalous."[26] The purpose of Rule 12(f) is to clean up the pleadings, streamline the litigation and sidestep unnecessary efforts on immaterial issues.[27] The burden is on the movant to establish that the challenged allegations are unrelated to the pleader's claims.[28] The court has considerable discretion whether to grant a motion to strike.[29]

18.     Herring seeks to strike the following paragraphs from the Amended Complaint as immaterial and/or redundant:

> a. Paragraph 2 and Paragraphs 17 – 22 which appear to lay out the legislative history of the DPPA and contain no relevant factual or legal assertions – making them immaterial;

---

[25] Doc. No. 1-4 and Doc. No. 1-8.
[26] FED. R. CIV. P. 12(f).
[27] *See Ford-Green v. NHS*, Inc., 106 F. Supp. 3d 590, 615 (E.D. Pa. 2015).
[28] *See Lutzeier v. Citigroup, Inc.* 305 F.R.D. 107, 107-110 (E.D. Mo. 20150).
[29] *See D.I.C. v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993).

b. Paragraphs 26 - 29 – "Defendant's Harmful Practices" – which do not contain any specific factual allegations that are not otherwise asserted in the Amended Complaint – making them immaterial;

c. Paragraph 48 – another allegation related to the DPPA's purpose – making it immaterial and redundant; and

d. Paragraphs 51 & 52 – there are no relevant factual or legal assertions in these paragraphs – making them immaterial.

## CONCLUSION & PRAYER

The Amended Complaint fails to state a claim under the DPPA. Accordingly, Herring respectfully requests that the Court dismiss the Amended Complaint and that Herring be discharged with its costs with respect thereto. Alternatively, Herring respectfully requests that the Court strike portions of the Amended Complaint set forth herein. Herring further respectfully requests all other relief, legal or equitable, to which it is justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, McKINLEY & NORTON, LLP

By:   */s/ David B. Tabor*
      Martha Hardwick Hofmeister
      State Bar No. 08981500
      David B. Tabor
      State Bar Number 24037577

9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
T: 214.780.1400 | F: 214.780.1401
Email: mhofmeister@shackelfordlaw.net
       dtabor@shackelfordlaw.net

ATTORNEYS FOR DON HERRING LTD.

**CERTIFICATE OF SERVICE**

      I hereby certify that, July 14, 2017, a true and correct copy of the foregoing Brief in Support of Amended Motion to Dismiss and Alternative Motion to Strike Time (the "Brief") was electronically filed with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" (the "Notice") to all counsel of record who have consented in writing to accept said Notice as service of this document by electronic means, including the following counsel:

    Joseph H. Malley
    Law Offices of Joseph H. Malley, P.C.
    1045 North Zang Blvd
    Dallas, Texas 75208
    Email: malleylaw@gmail.com
    Counsel for Lopez

                                          */s/ David B. Tabor*
                                          David B. Tabor