IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR LOPEZ, individually, and on behalf of himself and all other similarly situated individuals, | § § § § | |
| Plaintiff, | § | No. 3:16-cv-2663-B |
| | § | |
| V. | § | |
| | § | |
| DON HERRING LTD., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Don Herring Ltd. ("Herring") has filed a Motion to Compel, *see* Dkt. No. 63 (the "MTC"), seeking an order "to compel Plaintiff Arthur Lopez ('Lopez') to provide copies of the documents, electronically stored information, and tangible things described in his Initial Disclosures, to fully respond to the interrogatories Herring has propounded in this case, to produce the documents responsive to the requests for production Herring has propounded in this case, and to overrule Lopez's objections to the aforementioned discovery requests," *id.* at 1.

United States District Judge Jane J. Boyle has referred the MTC to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 64.

Lopez filed a response, *see* Dkt. No. 66, and Herring filed a reply, *see* Dkt. No. 70.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Defendant Don Herring Ltd.'s Motion to Compel [Dkt. No. 63].

## Background

Herring depicts the pertinent factual and procedural background of its MTC as follows:

1. Lopez filed his original class action complaint against Herring and four other parties on September 17, 2016 for alleged violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721 et seq. ("DPPA") (Doc. No. 1).

2. After Lopez completed his service efforts, all of the original defendants filed motions to dismiss pursuant to Rule 12(b)(6) arguing that Lopez failed to plausibly plead how the defendants knowingly obtained any of his personal information that originated from records maintained by the Texas Department of Motor Vehicles ("Texas DMV") (Doc. Nos. 17, 22, 25 and 27).

3. On May 5, 2017, the Court granted the aforementioned motions to dismiss, but allowed Lopez the opportunity to replead his claims by filing an amended complaint (Doc. No. 45).

4. Almost one year ago, on June 30, 2017, Lopez filed his first amended complaint (Doc. No. 47) naming only Herring as a defendant.

5. Thereafter, Herring filed an amended motion to dismiss urging the Court to dismiss Lopez's claims (Doc. No. 48) which was denied by the Court on January 4, 2018 (Doc. No. 52).

6. As a result, Herring filed its answer to Lopez's first amended complaint on January 18, 2018. (Doc. No. 53).

7. On January 30, 2018, the Court ordered the parties to submit a Joint Status Report (Doc. No. 5) and the parties complied with the Court's order and submitted the aforementioned report ("Joint Status Report") on February 20, 2018 (Doc. No. 55).

8. The Joint Status Report also required the parties complete their initial disclosures by March 1, 2018 (Doc. No. 55), although Herring's deadline to serve its disclosures was extended by agreement until March 6, 2018.

9. Lopez filed his Initial Disclosures on March 1, 2018. (Doc. No. 56). Herring served its Initial Disclosures as well as the documents identified therein by email on March 6.

10. The Court entered this matter's current Scheduling Order on March 29, 2018 (Doc. No. 57), requiring the parties to conduct and complete merits discovery first, with class certification and class merits discovery to be completed thereafter, if necessary.

11. After the parties engaged in some limited but direct settlement negotiations, on May 1, upon inquiry from counsel for Herring, counsel for Lopez offered to deliver copies of the documents identified in his client's Initial Disclosures to counsel for Herring.

12. Counsel for Herring has followed up with counsel for Lopez on this issue as recently as June 13, with no response, and to date, Herring has not received any of the documentation identified in Lopez's Initial Disclosures.

13. Without seeing any of the documents identified in Lopez's Initial Disclosures, Herring served Lopez with its First Set of Combined Discovery Requests on May 11, 2018 (the "Requests").

14. Lopez served Herring with his responses to the Requests on June 11, 2018,6 and, in a nutshell, Lopez did not provide any substantive responses to Herring's interrogatories and he did not produce or identify any responsive documents in his responses to Herring's requests for production.

15. Counsel for Herring attempted to confer with counsel for Lopez about the issues with his client's discovery responses on June 13, and to date, counsel for Lopez has not responded to counsel for Herring.

16. Lopez recently sought leave to file a second amended complaint and to amend the scheduling order. (Doc. No. 60) Herring filed its response and supporting brief in opposition on June 29, 2018 (Doc. No. 61). Lopez filed his reply on July 13, 2018 (Doc No. 62).

17. Lopez's request for leave to file a second amended complaint and leave to amend the scheduling order are pending at the time of the filing of this motion. At present, merits discovery will close in this matter on to August 20, 2018 (Doc. No. 57)

Dkt. No. 63-1 at 1-4 (footnotes omitted).

## Legal Standards

The Federal Rules of Civil Procedure control the scope of a proper discovery request in the form of requests for production or inspection, interrogatories, and requests for admission.

Under Rule 26(b)(1), "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

"The 2015 amendments to Rule 26 deleted 'from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.''" *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-cv-2255-L, 2018 WL 3548866, at *2 (N.D. Tex. July 24, 2018) (quoting *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 (E.D. Tex. Jan. 23, 2017) (quoting FED. R. CIV. P. 26, 2015 comm. note)).

"Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). "To be relevant under Rule 26(b)(1), a document or information need not, by

itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* at 280.

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B)."). And Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

As to initial disclosures, Federal Rule of Civil Procedure 26(a)(1) states, in relevant part:

(a) Required Disclosures.
(1) Initial Disclosure.
 (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
  (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
  (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
  (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.
....
 (C) Time for Initial Disclosures – In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.
....
 (E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it

challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

FED. R. CIV. P. 26(a)(1). "In addition, [Federal Rule of Civil Procedure] 26(g)(1) requires that '[e]very disclosure under Rule 26(a)(1) ... be signed by at least one attorney of record.' By signing, an attorney certifies that an initial disclosure is 'complete and correct' under the requirements of Rule 26(a)(1) 'to the best of the [attorney's] knowledge, information, and belief formed after a reasonable inquiry.' FED. R. CIV. P. 26(g)(1). 'If a certification violates [Rule 26(g)] without substantial justification, the court ... must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.' FED. R. CIV. P. 26(g)(3). Likewise, a party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or (e), ... unless the failure was substantially justified or is harmless.'" *Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).

As to requests for production or inspection, Federal Rule of Civil Procedure 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation – stored in any medium from which information can be obtained either directly or, if necessary, after translation by

the responding party into a reasonably usable form; or (B) any designated tangible things." FED. R. CIV. P. 34(a).

Further, Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. FED. R. CIV. P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.'" *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D. W. Va. 2010) (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000)). "'Therefore, the party requesting the production of documents must provide 'sufficient information to enable [the party to whom the request is directed] to identify responsive documents.'" *Id.* (quoting *Kidwiler*, 192 F.R.D. at 202). "'The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required.'" *Vailes v. Rapides Par. Sch. Bd.*, No. CV 15-429, 2016 WL 744559, at *4 (W.D. La. Feb. 22, 2016) (quoting *U.S. v. Nat'l Steel Corp.*, 26 F.R.D. 607, 610 (S.D. Tex. 1960)).

"This test, however, is a matter of degree depending on the circumstances of the case." *Hager*, 267 F.R.D. at 493. But, although "what qualifies as 'reasonabl[y] particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced." *Regan- Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008)

(internal quotation marks omitted). A Rule 34(a) request made with reasonable particularity does not require a reasonable attorney or party attempting to properly respond "to ponder and to speculate in order to decide what is and what is not responsive." *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. CIV.A.94-2304-EEO, 1995 WL 526533, at *3 (D. Kan. Aug. 31, 1995)).

"'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009). For example, "[b]road and undirected requests for all documents which relate in any way to the complaint" do not meet Rule 34(b)(1)(A)'s standard. *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992). Similarly, "[a] request for 'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents." *Sewell v. D'Alessandro & Woodyard, Inc.*, No. 2:07-CV-343-FTM-29, 2011 WL 843962, at *2 (M.D. Fla. Mar. 8, 2011); *see also S.E.C. v. Mazzo*, No. SACV121327DOCAN, 2013 WL 12172628, at *20 (C.D. Cal. Oct. 24, 2013) ("Boilerplate requests, like boilerplate objections, are not recognized and constitute an abuse of the discovery process.").

Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled

in this lawsuit" is an improper, so-called "'blockbuster' interrogatory." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2013 WL 6814789, at *10 (N.D. Tex. Dec. 26, 2013). Likewise, the Court has sustained objections to Rule 34(a) requests for "[a]ll documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint" and "[a]ll documents not previously produced that support, contradict, or otherwise relate in any way to any of the allegations you have made in this lawsuit." *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, No. 3:15-cv-411-M, 2016 WL 3031852, at *9 (N.D. Tex. May 27, 2016).

The Federal Rules of Civil Procedure require that attorneys or unrepresented parties comply with the rules' limits on the scope of discovery requests. Rule 26(g) provides:

> (g) Signing Disclosures and Discovery Requests, Responses, and Objections.
> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> > (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> > (B) with respect to a discovery request, response, or objection, it is:
> > > (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> > > (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

....

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

FED. R. CIV. P. 26(g)(1), 26(g)(3).

"Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." FED. R. CIV. P. 26, 1983 comm. note. Rule 26(g) specifically "requires that parties make a reasonable inquiry before conducting or opposing discovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 448 (5th Cir. 1992). Rule 26(g) "provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection" and whether it is consistent with the Federal Rules of Civil Procedure and "grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law." FED. R. CIV. P. 26, 1983 comm. note. "This standard is heavily dependent on the circumstances of each case." *Id.*

"Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney

make a reasonable inquiry into the factual basis of his response, request, or objection." *Id.* "'The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by [Federal Rule of Civil Procedure] 11.... Ultimately what is reasonable is a matter for the court to decide on the totality of the circumstances.'" *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir. 1989) (quoting Fed. R. Civ. P. 26, 1983 comm. note).

"'Rule 26(g) was enacted 'to eliminate one of the most prevalent of all discovery abuses: kneejerk discovery requests served without consideration of cost or burden to the responding party.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014); (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008)). By signing discovery requests, the attorney or party serving discovery requests makes an affirmative certification that the requests are not unreasonable or unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. *See* Fed. R. Civ. P. 26(b)(1), 26(g)(1); *accord Schlafly v. Caro-Kann Corp.*, 155 F.3d 565, 1998 WL 205766, at *3 (Fed. Cir. Apr. 28, 1998) (explaining that a party requesting discovery under Rule 34 "has the burden to state his discovery requests with reasonable particularity and not to make unreasonably cumulative or duplicative requests such that the burden or expense of complying with the requests outweighs their likely benefit").

If the requests nevertheless fall outside the Rule 26(b)(1) scope of discovery, the serving attorney or party may face Federal Rule of Civil Procedure 26(g)(3) sanctions if it made the certification without substantial justification. *See* FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *Heller*, 303 F.R.D. at 475-77 ("Rule 26(g) is thus designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. Because of the asserted reluctance to impose sanctions on attorneys who abuse the discovery rules, Rule 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. But, even if an attorney violates Rule 26(g)(1), a court may not – on a party's motion or sua sponte – impose Rule 26(g)(3) sanctions unless the certification violated Rule 26(g)(1) without substantial justification. The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law and fact, such that there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action]. Where Rule 26(g)(3) requires the Court to impose an appropriate sanction, [t]he nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances. Although Rule 26(g)(3) sanctions are mandatory, Rule 26(g)(3)'s mandate ... extends only to whether a court must impose sanctions, not to which sanction it must impose." (citations, internal quotation marks, and emphasis omitted)); *see also Olivarez*, 844 F.3d at 205 (explaining, in the context of Rules 26(g)(1)(A) and 26(g)(3), that "[s]ubstantial justification for the failure to make a required disclosure has been regarded as

justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]" and that "[t]he attorney's decision to refrain from disclosing the information must have had a reasonable basis both in law and fact" (internal quotation marks and citations omitted)).

It is no answer for attorneys' serving blockbuster interrogatory or all-encompassing or broad and undirected requests for production to say that they are not certain what the responding party has in its possession, custody, or control and do not want to miss anything – and so will ask for, effectively, everything. Requests and interrogatories must be made in compliance with the Federal Rules discussed above and, if further discovery or investigation later reveals the existence or possible existence of additional relevant materials or information with Rule 26(b)(1)'s scope, counsel can serve additional discovery requests and, if necessary, seek leave to do so.

In response to a Rule 34(a) request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). And, "[i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, FED. R. CIV. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence," *Heller*, 303 F.R.D. at 485.

Federal Rule of Civil Procedure 34(b)(2)(E) further provides that, "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information [("ESI")]: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E). The Court has concluded "that, where Rule 34(b)(2)(E)(i) addresses the organization of a production and Rule 34(b)(2)(E)(ii) specifically addresses the form for producing ESI (where form of production is inherently not an issue with hard-copy documents), and in light of the purposes of the 2006 amendments to Rule 34 and of Rule 34(b)(2)(E)(i)'s requirements, Rules 34(b)(2)(E)(i) and 34(b)(2)(E)(ii) should both apply to ESI productions." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249 (N.D. Tex. 2016). But, to comply with Rule 34(b)(2)(E)(i), "Rule 34 requires a party to [either] produce documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in the request," *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 11120879, at *2 (N.D. Tex. May 14, 2015) – the party is not required to do both. If a party elects to produce ESI or other documents as they are kept in the usual course of business, it must present competent evidence that it has done so "or must, alternatively, organize and label their ESI [and other

document] productions to correspond to each request." *See McKinney/Pearl*, 322 F.R.D. at 249-51; *accord Chilly Dil Consulting, Inc. v. JetPay ISO Servs., LLC*, No. 3:14-cv-2749-P-BK, 2015 WL 13469921, at *3 (N.D. Tex. Dec. 21, 2015) ("When a producing party chooses not to organize documents to correspond with categories in the request, it is that party's burden to demonstrate that the documents are produced as kept in the usual course of business. To carry its burden, the producing party must do more than merely represent to the court and the requesting party that the documents have been produced as they are maintained." (citations omitted)).

General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Heller*, 303 F.R.D. at 483; quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

As to interrogatories, Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case." *Pilver v. Hillsborough Cty.*, No. 8:15-CV-2327-T-23JSS, 2016 WL 4129282, at *3 (M.D. Fla. Aug. 3, 2016).

In response to interrogatories under Rule 33, "[t]he interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(3)-(4). "Answers to interrogatories must be written, and signed under oath by the party to whom the interrogatories were directed – not his or her attorney." *Crum & Forster Specialty Ins. Co. v. Explo Sys., Inc.*, No. 12-3080, 2015 WL 7736650, at *3 n.7 (W.D. La. Nov. 30, 2015) (emphasis in original omitted).

Federal Rule of Civil Procedure 33(d) further provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." FED. R. CIV. P. 33(d). "Thus, in relying on Rule

33(d) in an interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). This generally requires an answering party "to point to specific documents, by name or bates number," and not pointing the requesting party generally to document productions. *Id.* at *10.

As to the sufficiency of an interrogatory answer,

as the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). The fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973). Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010)). [An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. *See* 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013).

*Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

And Federal Rule of Civil Procedure 33(a)(2) specifically explains that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FED. R. CIV. P. 33(a)(2).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *accord Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018) ("While the Hospital did not file a motion to compel, this perhaps unadvised choice is not dispositive. 'Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.' *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (rejecting a party's contention that sanctions could not be imposed when the opposing party had not first requested an order to compel and stating that the

party resisting discovery requests 'must have a valid objection to each one in order to escape the production requirement').").

A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Further, a "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity"; that "[a] party objecting on these grounds must explain the specific and particular way in which a request is vague"; that "[t]he responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories" and, "[i]f necessary to clarify its answers, ... may include any reasonable definition of the term or phrase at issue"; and that, "[i]f a party believes that the request is vague, that party [should] attempt to obtain clarification [by conferring with the requesting party] prior to objecting on this ground." *Heller*, 303 F.R.D. at 491-92 (internal quotation marks and citations omitted).

And, although Rule 26(b)(1) includes only "nonprivileged matter" within the proper scope of discovery, Fed. R. Civ. P. 26(b)(1), "[w]hen a party withholds

information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," FED. R. CIV. P. 26(b)(5)(A).

And the Court has previously explained that "responding to interrogatories ... 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to ... [an] interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to ... [an] interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory ... it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in

part, the objection is improper and should not be made." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)). "To make such an objection in the face of these considerations is to engage in the 'abusive practice of objecting to discovery requests reflexively – but not reflectively – and without a factual [or legal] basis' that [Federal Rule of Civil Procedure] 26(g) was enacted to stop." *Heller*, 303 F.R.D. at 487 (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008)).

Serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions, and "Rule 26(g) 'and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has paused and consider[ed] whether, based on a reasonable inquiry, there is a factual [or legal] basis [for the] ... objection.'" *Heller*, 303 F.R.D. at 477 (quoting *Mancia*, 253 F.R.D. at 358; internal quotation marks omitted).

And a party cannot refuse to engage in – and is not excused from being subjected to – discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail. *See Heller*, 303 F.R.D. at 489 (citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10cv00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief – whether ultimately justified or not – provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure")).

Neither may a party refuse to comply with an opposing party's discovery requests "simply because he believes that the opposing parties ha[ve] not fully complied with his discovery requests to them." *Turner*, 2015 WL 11120879, at *2 (citing *Genentech, Inc. v. Trustees of Univ. of Pa.*, No. C 10-02037, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." (internal quotations and citations omitted))); *see also Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have."); *Anderson v. United Parcel Service, Inc.*, Civ. A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at *5 (D. Kan. Nov. 22, 2010) ("A party is not excused from answering an interrogatory because it believes the propounding party has failed to be forthcoming with its own discovery responses."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery."); *cf.* FED. R. CIV. P. 26(d)(2) ("Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.").

Further, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). In responding to an interrogatory, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). And, "[i]f a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses [that] failure." *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016); *accord Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34." (citing *In re United States*, 864 F.2d at 1156)). And, even where the responding party has timely served some objections to a Rule 34(a) request, this waiver extends to any grounds not stated in a timely objection. *See* FED. R. CIV. P. 34(b)(2)(B).

The Federal Rules provide that parties can agree to – or file a motion to ask the court for an order to – allow the responding party to serve written objections, responses, or answers and produce responsive materials in a period longer than 30 days. Rule 34(b)(2)(A), as amended effective December 1, 2015, provides that "[t]he party to whom the [Rule 34(a)] request is directed must respond in writing within 30 days after being served or – if the request was delivered under Rule 26(d)(2) – within 30 days after the parties' first Rule 26(f) conference" and that "[a] shorter or longer

time may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 34(b)(1). And Federal Rule of Civil Procedure 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with [Rule 33] interrogatories, unless otherwise ordered by the court." FED. R. CIV. P. 33(b)(2). Similarly, as to Rule 36(a) requests for admission, Federal Rule of Civil Procedure 36(a)(3) provides that, when a request for admission is served, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney" but that "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). Finally, Federal Rule of Civil Procedure 29 provides that, "[u]nless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition; and (b) other procedures governing or limiting discovery be modified – but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." FED. R. CIV. P. 29.

A party who needs more time to respond or answer should ask for more time by explaining first to the requesting party – and, if necessary, to the court – what the responding party has done so far to search for and locate responsive information or documents and why it needs more time to answer or respond to some or all of the

discovery requests and how much additional time it needs. For example, while staged discovery or discovery in phases as contemplated in Federal Rule of Civil Procedure 26(f)(3)(B) may not be appropriate in a particular case, a party may be able to, within 30 days of the requests' service, serve written responses and produce documents in response to several requests that seek basic or readily accessible or identifiable information or materials but may need to ask for an additional 30 or 60 days in which to serve written responses and – in some instances by a later specified date or on a rolling basis as contemplated in Federal Rule of Civil Procedure 34(b)(2)(B) – produce documents in response to other requests.

In the face of these rules, including Rules 26(g)(1) and 26(g)(3)'s applicability to discovery responses and objections, the proper course for a party who needs more time to properly respond to discovery requests is not to ignore the 30-day deadline (without a court order or agreement of the parties) or to serve general or boilerplate objections but rather to seek more time to properly object or respond to or answer some or, if truly necessary, all of the discovery requests. Serving unsupported and boilerplate or stock objections is not a substitute for, or backdoor means of, requesting extensions of time to serve meaningful and supported objections and responses after further inquiry. *See generally Heller*, 303 F.R.D. at 477.

Neither is it appropriate to serve objections that a party or attorney has no factual basis for at the time of service but that the party or attorney is seeking to preserve for any responsive but objectionable materials or information that may later be found. Objections and responses and answers must be served based on what a

reasonable inquiry presently shows. If additional or different materials or information are later uncovered, the proper course then is to comply with any supplementation obligations under Federal Rule of Civil Procedure 26(e)(1) and, if necessary, raise any appropriate objections for which there is, at that time, a legal and factual basis and to address the issue of why there is good cause to excuse the failure to have previously, timely raised the objections or seek leave to make the late objections for good cause.

General, boilerplate, and unsupported objections preserve nothing and – regardless of a party or an attorney's concerns about what they do not know or have not yet located or may later find – are "improper and ineffective." *Heller*, 303 F.R.D. at 483-84 (citing *Anderson v. Caldwell Cty. Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *3 (W.D.N.C. June 10, 2011) ("Moreover, there is no provision in the Federal Rules that allows a party to assert objections simply to preserve them. Instead, the Federal Rules require that objections be specific."); *Mancia*, 253 F.R.D. at 358 (noting that, despite Rule 26(g), "boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts" (citation omitted))).

Once responses, answers, and objections have been served subject to Rule 26(g), the party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel or in support of its own Federal Rule of Civil Procedure 26(c) motion for a protective order, urge and argue in support of its objection to an

interrogatory or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rule of Civil Procedure 26(b) has been amended, effective December 1, 2015. For the reasons the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69.

Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

And, as the Court has more recently explained,

> under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. That is true on a Rule 37(a) motion to compel no less than on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order.
> ....
> Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance. .... [And] Rule 26(b)(1) "'does not place on the party seeking discovery the burden of addressing all proportionality considerations.'" *Carr*, 312 F.R.D. at 467 (quoting Fed. R. Civ. P. 26, 2015 comm. note). While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, *see id.* at 463-69, "'[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes," *id.* at 467 (quoting Fed. R. Civ. P. 26, 2015 comm. note).

*Samsung Elecs. Am. Inc. v. Chung*, ___ F.R.D. ___, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (citations omitted); *accord Charalambopoulos v. Grammar*, No. 3:14-cv-2424-D, 2017 WL 1094394, at *4 n.5 (N.D. Tex. Mar. 8, 2017).

Thus, a party seeking to resist discovery on Rule 26(b)(1) and Rule 26(b)(2)(C)(iii) grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, as noted above, may well – to prevail on a motion to compel – need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing. And, as the Court has explained, the party seeking discovery is required in the first instance to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor

unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

"Additionally, a proper Rule 37(a) motion to compel ... must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1." *Samsung*, 321 F.R.D. at 285 (internal quotation marks omitted); *accord* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015) ("Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions.

When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion." (internal quotation marks and citations omitted)), *on reconsideration in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including pro se parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex.1988).").

"When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. When it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement." *Brown*, 2015 WL 11121361, at *4 (internal quotation marks and citation omitted).

A proper Rule 37(a) motion to compel also "'must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena)

and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining … how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.'" *Samsung*, 2017 WL 896897, at *13 (quoting *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (citing FED. R. CIV. P. 7(b)(1); FED. R. CIV. P. 37(a); N.D. TEX. L. CIV. R. 5.2(3); N.D. TEX. L. CIV. R. 7.1)).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *accord Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008).

Federal Rules of Civil Procedure 37(a)(5)(B) and 37(a)(5)(C) further provide in pertinent part that, "[i]f the motion is denied, the court may issue any protective order

authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

"[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *De Angelis*, 265 F. App'x at 398 (internal quotation marks omitted); *see also Heller*, 303 F.R.D. at 477.

## Analysis

Herring contends that Lopez "that has failed to provide [Herring] with copies of the documents, electronically stored information, and tangible things described Lopez's Initial Disclosures served on March 1, 2018, despite a promise to do so over 60 days ago"; that "Herring served Lopez with seven (7) interrogatories as to which Lopez has asserted improper objections and failed to provide any substantive responses"; and that Herring served Lopez with thirty-eight (38) requests for production, as to which Lopez has asserted improper objections and failed to provide Herring with any responsive documents." Dkt. No. 63-1 at 1.

## II.   Lopez's Initial Responses to the MTC

As an initial matter, Lopez points out that Herring served Lopez "with the objections and responses to Plaintiff's First Request for Production" and that "Defendant's objections were boiler-plate objections, failing to provide a single document, pursuant to a request for one-hundred (100) documents." Dkt. No. 66 at 4. According to Lopez, he "had sued Defendant Herring LTD. alleging a single business enterprise," but, "[a]fter nearly twenty-two (22) months of litigation, failing to file a motion to remove Defendant Herring LTD. as a party, a position without merit, Defendant now sought to avoid discovery, while at the same time, moving the court for an expedited hearing on its motion to compel discovery from Plaintiff due to concerns for the impending date to conclude merit discovery." *Id.* Lopez reports that Herring's counsel told Lopez's counsel that any discovery responses from Herring "'won't include responses from Don Herring Auto Sales, Ltd.'" and suggested that the parties could "'abate all discovery, yours to us and ours to you, until you've had a change to confirm what we're telling you,'" which Herring's counsel said they "'fully expect ... to lead to your request to re-plead in order to add Don Herring Auto Sales, Ltd.'" *Id.*

Lopez filed a motion for leave to amend to, among other things, add Don Herring Auto Sales, Ltd. as a defendant. *See* Dkt. No. 60. Herring opposed because it "believes that Lopez has unduly delayed his request for leave to amend, that Lopez's request for more time to litigate this matter has been brought for dilatory purposes, and that Lopez's request for leave to amend and for more time will cause undue prejudice to Herring." Dkt. No. 61-1 at 8. Nevertheless, the Court granted in part Lopez's "motion

for leave to File a Second Amended Complaint" and ordered that Lopez "may add Don Herring Auto Sales, Ltd. as a defendant." Dkt. No. 69.

Lopez also complains that his counsel and Herring's faced an "impediment" "as to the inability to confer and resolve the discovery disputes as to" Herring's MTC: Herring's "failure to accept the ruling of the Court as to a finding that the Defendant *knowingly* obtained the Plaintiff's DMV motor vehicle records for use in direct marketing." Dkt. No. 66 at 5. Lopez contends that Herring's "objective is to use this [MTC] to continue its attempts to re-litigate the Court's finding on *knowingly*," which "attempts though have created within its discovery requests an undue burden and expense for" Lopez. *Id.* Lopez asserts that "[t]hese repeated requests for responses and documents related to this topic are acts which may require the Court's assistance" under Federal Rule of Civil Procedure 26(c)(1). *Id.*

Taking the first set of complaints up first, as noted above, a party served with subject to Rule 26(a)(1) disclosure obligations and served with discovery requests cannot refuse to comply with its disclosure obligations or properly respond to the requests simply because he believes that the opposing party has not fully complied with his discovery requests to them.

As to the second set of complaints, Lopez relies on the Court's decision to deny Herring's Federal Rule of Civil Procedure 12(b)(6) motion as to the "knowingly" element of Lopez's Driver's Privacy Protection Act ("DPPA"). *See* Dkt. No. 66 at 5, 22-23 (citing and quoting Dkt. No. 52). There, the Court held that, while "Lopez must prove that Herring 'knowingly ... obtain[ed] or disclos[ed] personal information, from

a motor vehicle record, for any use not permitted under ... this title,'" and "Herring now argues that Lopez has failed to plead a plausible claim," "[t]he Court disagrees" because "Lopez has pleaded sufficient facts to make his claim plausible." Dkt. No. 52 at 5. The Court's Rule 12(b)(6) analysis turned on observations that "[r]eading the complaint and disregarding legal conclusions leaves the Court with two key facts" and that, "[t]aken together and in the light most favorable to Lopez, these pleadings make it plausible that Herring knowingly obtained Lopez's information from the DMV or disclosed it, knowing it had been obtained from the DMV." *Id.* at 5-6 (citation omitted). The Court noted that it "must take Lopez's factual pleadings as true and construe factual allegations in the plaintiff's favor" and "must accept as fact who Lopez said made the statements and what they said" and that "the Court can reasonably infer based that information that Herring knew Lopez's information came from the DMV," such that "the mere possibility that the sales person and General Sales Manager were incorrect about the source of Lopez's information does not render Lopez's claim implausible." *Id.* at 6. And the Court further explained that, "[e]ven if the Court considered the email [on which Herring asked the Court to rely] incorporated into Lopez's complaint, the Court would deny Herring's motion" where, "[a]t the 12(b)(6) stage, the Court must accept Lopez's pleadings as facts," and "[t]he emails Herring wants the Court to consider contradict the facts Lopez pleaded, but that does not mean the emails render Lopez's claim implausible." *Id.* at 11-12.

What Lopez wants to treat as a conclusive finding of fact that is resolved for all purposes going forward was only a conclusion that Lopez sufficiently pleaded the

knowingly element to survive dismissal on the pleadings and proceed with the case, including discovery. *See Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2016 WL 3361516, at *2 (N.D. Tex. Feb. 24, 2016) ("The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In denying the Rule 12(b)(6) motion to dismiss, in which Herring "contend[ed] that Lopez has failed to plead sufficient facts to support a DPPA claim," the Court even noted that another way of considering "the emails attached to Lopez's original complaint" "would require converting Herring's motion to dismiss into a motion for summary judgment" under Federal Rule of Civil Procedure 12(d), "a procedural vehicle that allows court to consider evidence the parties submit." *Id.* at 1, 12. But "[t]he Court declines to issue summary judgment for Herring at this time," where, "[a]lthough the emails on which Herring relies may be some evidence tending to disprove Lopez's claim, granting summary judgment before Lopez has had the chance to gather and submit evidence would be improper." *Id.* at 12.

But this also reflects that discovery relevant as to "knowingly" is open for both parties. *Accord* Dkt. No. 70 at 5 ("Respectfully, although counsel for Herring would have preferred a different outcome when the Court ruled on the Amended Motion to Dismiss, counsel for Herring has no desire to 'relitigate' or 'reargue' the plausibility of

Lopez's claims. Rather, and as confirmed by the Court in its Memorandum Opinion and Order on the aforementioned motion (Doc. No. 52, P. 12), the Court has not affirmatively disposed of Herring's arguments (and evidence) that disprove Lopez's claim. Further, as the Court acknowledged, Lopez is entitled to time to gather and submit evidence in support of his claim that Herring (or a 'third party') allegedly knowingly obtained Lopez's information from the Texas Department of Motor Vehicles ('DMV').").

And, as noted above and discussed again below, Lopez is not excused from being subjected to discovery simply because the discovery is relevant to a claim or element of a claim on which Lopez believes that he will or should prevail.

## II.   Lopez's Initial Disclosures

Herring asserts that "Lopez is required to disclose all documents, electronically stored information, and tangible things in his possession, custody, or control that may be used to support his claims or defenses" under Rule 26(a)(1)(A)(ii); that "Lopez, in accordance with the Federal Rules, chose to describe the aforementioned items in lieu of producing them, but Lopez's counsel has failed to honor his promise to provide Herring with copies of the documents described in his client's Initial Disclosures"; and that, "[a]ccordingly, Herring moves to compel Lopez to provide all documents described in his Initial Disclosures under Rule 37(a)(3) and Rule 37(a)(4) of the Federal Rules of Civil Procedure." Dkt. No. 63-1 at 5.

Lopez responds that his counsel has already provided Herring with the requested documents described in his initial disclosures. *See* Dkt. No. 66 at 9-10.

Herring replies that "Lopez's references to copies of the documents identified in his Initial Disclosures ... do not comply with the applicable Federal Rules of Civil Procedure and are inadequate, at best." Dkt. No. 70 at 2. And, according to Herring,

> Lopez claims in his Response that he has already provided Herring with copies of the documents described in his Initial Disclosures without ever explaining his failure to respond to Herring's counsel's inquiries about obtaining copies of those documents (See Doc. Nos. 63-4 and 63-5). Had counsel for Lopez responded to those inquiries, it may not have been necessary for Herring to present this issue to the Court, which could have saved Herring's counsel time and helped Herring avoid unnecessary expense.
>
> Nevertheless, Lopez's Response and its accompanying exhibits do not provide Herring with "cold comfort" that he has, indeed, already provided copies of the aforementioned documents.
>
> For example, the documents identified as Exhibit C (Doc. No. 68) appear to be incomplete (Page 14 of 25 does not show the original email sent by counsel for Lopez to Reuben Mosley) and redacted (Page 25 of 25 does not show the original email sent by counsel for Lopez to Brian Berg). Further, the documents identified as Exhibit D (Doc. No. 68-1) have been redacted and portions are illegible, as are portions of the documents identified as Exhibit E (Doc. No. 68-2).
>
> In addition, the description of documents provided in Lopez's Initial Disclosures (Doc. No. 56) specify that Anthony J. Tacito sent "emails" to counsel for Lopez and that Brian Berg sent "emails" to counsel for Lopez, but Exhibit C only contains a copy of a single email from Mr. Tacito and a copy of a single email from Mr. Berg. As a result, Lopez's last-minute effort to comply with his obligations under Rule 26(a)(1)(A)(ii) appear to be incomplete, at best.
>
> Accordingly, Herring hereby renews its request that the Court compel Lopez to provide Herring with copies of all documents described in his Initial Disclosures under Rule 37(a)(3) and Rule 37(a)(4) of the Federal Rules of Civil Procedure in a complete, unredacted and legible format and in a manner so that they can be readily identified by Herring and all defendants herein.

Dkt. No. 70 at 2-3 (footnote omitted).

But Rule 37(a)(3)(A) provide that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate

sanctions," and Rule 37(a)(4) provides that, for these purposes, "an evasive or incomplete disclosure ... must be treated as a failure to disclose." FED. R. CIV. P. 37(a)(3)(A), 37(a)(4). And Rule 26(a)(1)(A)(ii) provides that, applicable here, "a party must, without awaiting a discovery request, provide to the other parties: ... (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii).

While Lopez defends against the MTC on the grounds that he has produced copies of the documents identified in his Rule 26(a)(1) disclosures, Herring does not assert that Lopez's description by category and location of all documents, electronically stored information, and tangible things that he has in his possession, custody, or control and may use to support his claims, unless the use would be solely for impeachment, was inadequate or evasive.

Rather, Herring contends that "Lopez, in accordance with the Federal Rules, chose to describe the aforementioned items in lieu of producing them, but Lopez's counsel has failed to honor his promise to provide Herring with copies of the documents described in his client's Initial Disclosure," and that, "[a]ccordingly, Herring moves to compel Lopez to provide all documents described in his Initial Disclosures under Rule 37(a)(3) and Rule 37(a)(4) of the Federal Rules of Civil Procedure." Dkt. No. 63-1 at 5.

Another judge in this circuit has addressed a similar situation, explaining:

Plaintiff does not argue that Primus failed to describe "by category and location ... all documents, electronically stored information, and tangible things that [Primus] has in its possession, custody and control and may use to support its claims or defenses." Instead, Plaintiffs argue that Primus had a duty to produce copies of the documents described in Primus's initial disclosures either with its disclosures or after the Plaintiffs informally requested copies of the documents (R. Doc. 46-1 at 2-3).

Rule 26(a)(1)(A)(ii) does not require a party to produce documents; the disclosing party has the option of producing a "copy" of the identified documents or providing a "description by category and location" of those documents. Courts have acknowledged that this "duty to disclose is not synonymous with a duty to produce." *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009) ("While some sections of Rule 26 require information be both disclosed and produced, Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents." ("[A] duty to disclose is not synonymous with a duty to produce."); *see also Sizemore v. WalMart Stores, Inc.*, No. H-05-1589, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006) ("Rule 26(a) of the Federal Rules of Civil Procedure ... requires only that the documents be described by category and location" and, upon receiving such description, the plaintiff may "then request production of the described documents" under Rule 34(b)); *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, No. 07-2463, 2008 WL 5173109 (D. Kan. Dec. 10, 2008) ("While Fed. R. Civ. P. 26(a) allows initial disclosures to be made by producing copies of relevant documents, the rule does not require either party to actually produce copies of documents. A party may opt to provide a description of the documents by category and location.").

In support of its position, the Plaintiff quotes the advisory committee's notes on the 1993 amendments to Rule 26, which provides, among other things, that a major purpose of the disclosure requirement is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." The advisory committee's notes also state, however, that the disclosure requirement of Rule 26(a)(1)(A)(ii) "does not require production of any documents." The advisory committee's notes clarify that documents identified, but not produced, under Rule 26(a)(1) should be sought by the non-disclosing party through a formal request of discovery under Rule 34:

> [I]n cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding

under Rule 34 or through informal requests. The disclosing party does not, by describing documents under [Rule 26(a)(1)(A)(ii) ], waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production. Fed. R. Civ. P. 26 advisory committee's note; *see also* 8A Wright & Miller, *Federal Practice and Procedure* § 2053 (3d ed.) (a listing of materials by category, as opposed to making a copy of the pertinent materials available, satisfies Rule 26(a)(1)(A)(ii), and the "objective of such a listing is to enable the other parties to make informed decisions about which documents they should request be produced pursuant to Rule 34.").

Primus had the option of producing the documents described in its initial disclosure at the time of disclosure or in response to informal requests by the Plaintiffs, but it did not have a duty to do so under Rule 26(a)(1)(A)(ii).The discovery deadline is August 18, 2014. The Plaintiffs have ample time to seek the documents disclosed by Primus under Rule 34.

*Hayes v. Frontera Produce, Ltd.*, No. 12-588-BAJ-RLB, 2013 WL 6174799, at *1-*2 (M.D. La. Nov. 20, 2013) (footnote omitted).

The same analysis holds here. Lopez had the same options, and, when he elected to provide only descriptions, Herring had the choice to obtain the documents desired by proceeding under Rule 34 or through informal requests. But there is no basis to compel compliance with Rule 26(a)(1)(A)(ii) under Rules 37(a)(3)(A) and 37(a)(4) where compliance has not been shown to be lacking.

Herring's counsel explains that Lopez's counsel, "upon inquiry from counsel for Herring, ... offered to deliver copies of the documents identified in his client's Initial Disclosures to counsel for Herring," but "Herring has not received any of the documentation identified in Lopez's Initial Disclosures." Dkt. No. 63-1 at 3. Herring therefore asks the Court to order Lopez's counsel to honor his promise to provide

Herring with copies of the documents described in Lopez's initial disclosures. The problem is that – while there may well be an offer and acceptance or even express agreement that Lopez's counsel should, consistent with their professional and ethical obligations as well as the general requirements for cooperation in discovery, honor – what Herring describes does "not satisfy the requirements for a Rule 34(a) request, enforceable by a Rule 37(a)(3)(iv) motion to compel." *Harper v. City of Dallas, Tex.*, No. 3:14-cv-2647-M, 2017 WL 3674830, at *14 (N.D. Tex. Aug. 25, 2017).

The Court denies Herring's MTC as to Lopez's Rule 26(a)(1) initial disclosures.

III.    Lopez's Interrogatory Answers and Objections

Herring asks the Court to "overrule Lopez's objections and compel Lopez to completely respond to each of the [seven] interrogatories" that "Herring carefully crafted ... asking Lopez to identify and describe certain actions and to identify certain parties based upon the allegations contained in Lopez's current complaint." Dkt. No. 63-1 at 6. Herring contends that "interrogatories can be used to obtain a party's contentions under oath, including the facts that support those contentions, to narrow the issues in a matter, and to identify witnesses and documents"; that "Lopez asserted improper and unfounded objections to each of Herring's interrogatories, objections which appear to be in the nature of objections to requests for production"; and that Lopez "has failed to provide complete answers to each of Herring's interrogatories" and that "Lopez's answers to Herring's interrogatories are incomplete, at best." *Id.*

Lopez responds that the Court should deny Herring's motion to compel Lopez to provide additional responses to Herring's interrogatories because Lopez "has

answered the interrogatories to the best of his ability, provided objections and justifications for the objections, as permitted by law," and has "provided supplemental responses within this response [to the MTC] to clarify [Lopez]'s previous responses to the interrogatories." Dkt. No. 66 at 10-11.

Herring replies that "Lopez has not provided any affidavit or other evidence in support of his unfounded objections and his groundless privileges" and that Lopez's "offers to 'supplement' his written responses to Herring's interrogatories ... do not comply with the applicable Federal Rules of Civil Procedure and are inadequate, at best." Dkt. No. 70 at 1-2. According to Herring, "[i]n a nutshell, the Response fails to show how Lopez's repetitive and prophylactic objections to all seven (7) of Herring's interrogatories are appropriate, even though the Response confirms his obligation to do so," and, "[m]ore specifically, Lopez has not demonstrated how Herring's interrogatories call for information that is overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence or not in his possession, custody or control" and "has also failed to provide any support for his claim that his answers should be protected by the attorney-client, work-product or 'other applicable privileges and immunities.'" *Id.* at 3-4. "Rather, with the exception of Interrogatory No. 2, Lopez rehashes his objections to each interrogatory and offers unsworn 'supplements,'" but "doing so is not sufficient under Rule 33(b). As a result, Herring hereby renews its request that the Court overrule Lopez's improper objections to Interrogatories 1, 3, 4, 5, 6 and 7 and compel Lopez to provide complete, sworn responses." *Id.* at 4.

The Court agrees that any supplemental answers must comply with Rule 33(b)'s "under oath" requirement, and that providing Lopez's counsel's explanations in an unsworn brief in response to the MTC does not comply with this requirement. *See generally Brown*, 2013 WL 11842015, at *2.

The Court also notes that Lopez's combined objections and responses to Herring's interrogatories and requests for production begin with several lists captioned "Preliminary Statement" and "General [or Specific] Objections to Instructions and Definitions." *See* Dkt. No. 63-7 at 3-5 of 33. As the Court has seen before, Lopez includes these lists of general objections "before addressing any specific discovery requests and purported to incorporate by reference all of those objections into every response to every discovery request," but, as the Court has previously explained, "[s]o-called boilerplate or unsupported objections – even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests – are ... improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as 'an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system.'" *Heller*, 303 F.R.D. at 483 (quoting *McLeod*, 894 F.2d at 1484-86).

In responding to the MTC, Lopez does not attempt to rely on these preliminary lists of objections, but the Court again reminds counsel that they must "cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests" and that "[d]eploying these general

objections in this manner is, for the reasons explained above, inconsistent with the Federal Rules and is not warranted by existing law." *Id.* at 484.

The Court will otherwise address each interrogatory, and Lopez's objections and answers thereto, *see* Dkt. No. 63-6 at 3-4 of 10; Dkt. No. 63-7 at 6-9 of 33, in turn, as the parties do in their response and reply briefs.

A. **Interrogatory No. 1**: "Describe each specific act that you contend was taken by Ltd. to obtain 'sales leads' as alleged by you in paragraph 3 of your First Amended Class Action Complaint."

The Court is not persuaded that Lopez properly answered this contention interrogatory by generally pointing documents. Lopez has now shown that Herring can locate and identify the requested information at least as readily as Lopez can from its documents that Lopez reference – but fails to identify with the specificity that Rule 33(d) requires, as explained above.

Lopez's objections to this interrogatory are unsupported and unsustainable boilerplate and are overruled and, for that matter, as to those objections that Lopez has not expressly urged and argued in support in responding to the MTC, are waived.

Further, Lopez's correspondingly responding "subject to" and "without waiving" those objections is improper, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years. *See State Auto.*, 2018 WL 3548866, at *13 (collecting cases); *Firebirds International, LLC v. Firebird Restaurant Group, LLC*, No. 3:17-cv-2719-B, Dkt. No. 47 at 36-39 (N.D. Tex. July 16, 2018) (collecting cases).

And Lopez has not complied with Rule 26(b)(5)(A)'s requirements for any information withheld on the basis of privilege or work product.

The Court grants the MTC as to this interrogatory and orders that Lopez must, by **August 14, 2018**, serve on Herring's counsel a complete answer – without objections – to Interrogatory No. 1 in compliance with Rule 33's requirements.

> **B.** **Interrogatory No. 2**: "Identify all 'third party data suppliers' that you contend obtained motor vehicle record data from the Texas DMV."

This interrogatory asks about a contention in Lopez's live complaint. *See* Dkt. No. 47 at 3. And Lopez is not required to make an extensive investigation in responding to this interrogatory but is required to pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. As Herring notes in reply, "Lopez suggests, without offering any specific evidentiary support, that it would be unduly burdensome for him to identify the 'third party data suppliers' he references in his Amended Complaint (Doc. 47, P. 3), and yet he goes on to provide another unsworn 'supplement' which does not meet the requirement of Rule 33(b)." Dkt. No. 70 at 4.

The Court determines that Lopez has not properly supported or substantiated his burden objection and that, in any event, requiring Lopez to provide a full answer against the standard noted above would not be either unduly burdensome or disproportionate to the needs of the case. And, as with Interrogatory No. 1, Lopez's other objections to this interrogatory are unsupported and unsustainable boilerplate

and are overruled and, for that matter, as to those objections that Lopez has not expressly urged and argued in support in responding to the MTC, are waived, and Lopez's correspondingly responding "subject to" and "without waiving" those objections is improper, And Lopez, here too, has not complied with Rule 26(b)(5)(A)'s requirements for any information withheld on the basis of privilege or work product.

The Court grants the MTC as to this interrogatory, overrules Lopez's objections to Interrogatory No. 2, and orders that Lopez must, by **August 14, 2018**, serve on Herring's counsel a complete answer – without objections – to Interrogatory No. 2 in compliance with Rule 33's requirements.

    **C.**     **Interrogatory No. 3**: "Describe each specific act that you contend was taken by the 'third party data suppliers' identified in Interrogatory No. 2 to obtain motor vehicle motor vehicle record data from the Texas DMV."

For the same reasons as with Interrogatory Nos. 1 and 2, Lopez's boilerplate objections to this interrogatory are overruled, and, while Lopez is not required to make an extensive investigation in responding to this interrogatory but is required to pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the relevant facts reasonably available to him that are responsive to this contention interrogatory. The Court grants the MTC as to this interrogatory, overrules Lopez's objections to Interrogatory No. 3, and orders that Lopez must, by **August 14, 2018**, serve on Herring's counsel a complete answer – without objections – to Interrogatory No. 3 in compliance with Rule 33's requirements.

**D.** **Interrogatory No. 4**: "Describe each specific act that you contend was taken by Ltd. to knowingly obtain your motor vehicle record data from the Texas DMV."

**Interrogatory No. 5**: "Describe each specific act that you contend was taken by Ltd. to 'redisclose and/or resell' your motor vehicle record data allegedly obtained from the Texas DMV."

**Interrogatory No. 6**: "Identify all individuals and entities you contend were involved in allegedly obtaining your motor vehicle record data from the Texas DMV."

**Interrogatory No. 7**: "Describe each specific act that you contend was taken to obtain your motor vehicle record data from the Texas DMV by the individuals or entities identified in your response to Interrogatory No. 6."

All of the Court's analysis as to Interrogatory No. 1 applies equally to Lopez's objections and answers to these interrogatories. And, again, while Lopez is not required to make an extensive investigation in responding to these interrogatories but is required to pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the relevant facts reasonably available to him that are responsive to these contention interrogatories. For these reasons, the Court grants the MTC as to these interrogatories and orders that Lopez must, by **August 14, 2018**, serve on Herring's counsel a complete answer – without objections – to Interrogatory Nos. 4, 5, 6, and 7 in compliance with Rule 33's requirements.

IV.    <u>Lopez's Responses and Objections to Requests for Production</u>

Herring asks the Court to "overrule Lopez's objections to Herring's requests for production and compel Lopez to produce all responsive documents and information" in response to its "range of requests for production asking Lopez to provide documents

based on his allegations in his complaint and based upon the information and individuals identified in his Initial Disclosures," as follows:

1. Documents that demonstrate or confirm (or negate) your contention that Ltd. does business as Don Herring North Mitsubishi ("North").

2. Documents that demonstrate or confirm your contention that Ltd. does business as Herring Management, LLC ("Management").

3. Documents that demonstrate or confirm your contention Ltd. does business as Don Herring Auto Sales, Inc. ("Auto Sales").

4. Documents that demonstrate or confirm your contention that Don Herring, Sr., has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

5. Documents that demonstrate or confirm your contention that Don Herring, Jr., has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

6. Documents that demonstrate or confirm your contention that Sherri Herring has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

7. Documents that demonstrate or confirm your contention that Alan Ray has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

8. Documents that demonstrate or confirm your contention that Cary Wilson has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

9. Documents that demonstrate or confirm your contention that Rueben Mosley has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

10. Documents that demonstrate or confirm your contention that Tacito & Associates and/or Tacito Direct has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

11. Documents that demonstrate or confirm your contention that Anthony J. Tacito a/k/a A.J. Tacito a/k/a Tony Tacito has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

12. Documents that demonstrate or confirm your contention that BB Direct, Inc. has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

13. Documents that demonstrate or confirm your contention that Brian Berg has knowledge of or discoverable information regarding Ltd.'s marketing practices and/or the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

14. Documents that demonstrate or confirm your contention that Netunim, LP has knowledge of or discoverable information regarding the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

15. Documents that demonstrate or confirm your contention that Datashark, LLC has knowledge of or discoverable information regarding the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

16. Documents that demonstrate or confirm your contention that Socharet, LLC has knowledge of or discoverable information regarding the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

17. Documents that demonstrate or confirm your contention that Monica Braverman has knowledge of or discoverable information regarding the alleged acquisition of Plaintiff's motor vehicle record data from the Texas DMV.

18. All communications or correspondence you sent to or received from Ltd., including any and all of its present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners, and insurers.

19. All communications or correspondence you sent to or received from Don Herring Mitsubishi ("Mitsubishi"), including any and all of its present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners, and insurers.

20. All communications or correspondence you sent to or received from Tacito & Associates and/or Tacito Direct including any and all of their present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners and insurers.

21. All communications or correspondence you sent to or received from Anthony J. Tacito a/k/a A.J. Tacito a/k/a Tony Tacito, including any and all of his present and former agents, employees, representatives, and insurers.

22. All communications or correspondence you sent to or received from BB Direct, Inc., including any and all of its present and former officers,

directors, agents, employees, representatives, shareholders, owners, members, managers, partners, and insurers.

23. All communications or correspondence you sent to or received from Brian Berg, including any and all of his present and former agents, employees, representatives, and insurers.

24. All communications or correspondence you sent to or received from Netunim, LP including any and all of its present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners and insurers.

25. All communications or correspondence you sent to or received from Datashark, LLC including any and all of its present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners, and insurers.

26. All communications or correspondence you sent to or received from Socharet, LLC including any and all of its present and former officers, directors, agents, employees, representatives, shareholders, owners, members, managers, partners, and insurers.

27. All communications or correspondence you sent to or received from Monica Braverman, including any and all of her present and former agents, employees, representatives, and insurers.

28. All communications or correspondence you sent to or received from the Office of the Attorney General regarding the alleged acquisition by Ltd. or others of your motor vehicle record data from the Texas DMV.

29. All communications or correspondence you sent to or received from the Texas DMV regarding the alleged acquisition by Ltd. or others of your motor vehicle record data from the Texas DMV.

30. All communications or correspondence you sent to or received from the Randall Noe Auto Group regarding the alleged acquisition of your motor vehicle record data.

31. Documents that demonstrate or confirm that Ltd. obtained "sales leads" from "third party data suppliers who have obtained personal identifying information of motor vehicle owners from motor vehicle records maintained by the Texas Department of Motor Vehicles" as alleged by you in paragraph 3 of your First Amended Class Action Complaint.

32. Documents that demonstrate or confirm that the solicitation letter You received contains data obtained from the "State Department of Motor Vehicles" or the Texas DMV, as alleged by you in paragraph 5 of your First Amended Class Action Complaint.

33. Documents that demonstrate or confirm that Ltd. "knowingly violated the law," as alleged by you in paragraph 5 of your First Amended Class Action Complaint.

34. Documents that demonstrate or confirm that Ltd. knowingly obtained Plaintiff's personal information, from a motor vehicle record, for a purpose not permitted, as alleged by your in paragraph 22 of your First Amended Class Action Complaint.

35. Documents that demonstrate or confirm that Ltd. is located at 3520 S. Marvin D. Love Freeway, Dallas, Texas 75224, as alleged by you in paragraph 23 of your First Amended Class Action Complaint.

36. Documents that demonstrate or confirm that Ltd. "obtain[ed], redisclose[d] and/or [sold] Plaintiff's motor vehicle records," as alleged by you in paragraph 23 of your First Amended Class Action Complaint.

37. Documents that demonstrate or confirm that Ltd. "access[ed], directly or indirectly, [Plaintiff's] motor vehicle records from the Texas Department of Motor Vehicles," as alleged by you in paragraph 23 of your First Amended Class Action Complaint.

38. Documents that demonstrate or confirm that Cary Wilson informed you that "the source of the vehicle information was obtained from the Texas State Department of Motor Vehicles," as alleged by you in paragraph 23 of your First Amended Class Action Complaint.

Dkt. No. 63-1 at 6-7; Dkt. No. 63-6 at 4-9 of 10; Dkt. No. 63-7 at 10-31 of 33.

Herring contends that it "is entitled to use requests for production to inspect or copy documents, electronically stored information, and tangible things that are discoverable under Rule 26(b)(1)" and that "Lopez has refused to provide a single document in response to Herring's requests for production and he has asserted improper and unfounded objections"; and that Lopez "has failed to provide complete answers to each of Herring's interrogatories" and that "Lopez's answers to Herring's interrogatories are incomplete, at best." Dkt. No. 63-1 at 6-7.

Lopez requests that the Court deny Herring's motion to compel Lopez to provide additional responses to Herring's requests for production because Herring "knows that Plaintiff has a limited source of documents, original only the initial solicitation letter sent to Plaintiff," and "knows that the majority of documents requested by Defendant's

Request for Production had already been produced to Defendant by Plaintiff, or are in the care, custody, or control of Defendant, and its Counsel." Dkt. No. 66 at 18. Lopez contends that he "has provided responses to the requests for production to the best of his ability, provided objections and justifications for the objections, as permitted by law," and has "provided supplemental responses within his response [to the MTC] to clarify Plaintiff's previous responses to the requests for production." *Id.*

Herring replies that "Lopez fails to offer any compelling argument or evidentiary support for the vast majority of the unfounded objections repeatedly asserted in his responses to Herring's requests for production" but rather "merely recycles his objections under the guise of categorizing Herring's requests for production." Dkt. No. 70 at 4.

And, Herring contends, "simply stated, Lopez's 'supplement' to his responses to Request Nos. 20-30 do not comply with Rule 34(b)." *Id.* at 8.

The Court agrees that any supplemental or amended responses must be formally served, complying with Rule 34(b), and the Court will otherwise address each request for production or category of request, in turn, as the parties do in their briefs.

### A. Corporate Identity of Defendant – Request for Production Nos. 1, 2, 3, & 35

Lopez asserts that he has admitted error in part in naming the defendants in this case and points Herring to documents responsive to Request for Production Nos. 1, 2, 3, and 35 as provided to Herring with Lopez's response. *See* Dkt. No. 66 at 21.

Herring replies that Lopez "fails to assert any evidence for the identical objections asserted in his responses to Requests Nos. 1, 2, 3 and 35" and that, "based on the standards Lopez recites in his Response (Doc. No. 66 P. 23), which confirm that evidentiary support is required for his prophylactic objections, Lopez's objections to these requests for production should be overruled and Lopez should be compelled to produce responsive documents, if any exist." Dkt. No. 70 at 5.

The Court agrees with Herring. Lopez has not identified how he complied with Rule 34(b)(2)(E)(i)'s requirements in generally pointing Herring to produced documents responsive to Request for Production Nos. 1, 2, 3, and 35. Lopez's objections to these four requests are unsupported and unsustainable boilerplate and are overruled and, for that matter, as to those objections that Lopez has not expressly urged and argued in support in responding to the MTC, are waived. Further, Lopez's correspondingly responding "subject to" and "without waiving" those objections is improper. Indeed, Lopez states that he is withholding unspecified responsive document based on his objections. And Lopez has not complied with Rule 26(b)(5)(A)'s requirements for any documents or ESI withheld on the basis of privilege or work product.

The Court grants Herring's MTC as to Request for Production Nos. 1, 2, 3, and 35 and orders Lopez to, by **August 14. 2018**, serve on Herring's counsel complete written responses – without objections – to, and produce all previously unproduced, responsive documents in response to, Request for Production Nos. 1, 2, 3, and 35 in compliance with Rule 34(b)'s requirements.

## B. "Knowingly" – Request for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 31, 32, 33, 34, & 36

As to these requests, Lopez only points to what he believes to be his conclusive victory on the "knowingly" requirement of his DPPA claim and asserts that Herring's efforts to obtain discovery relevant to that requirement are, accordingly, overbroad, unduly burdensome, or oppressive and that the majority of Defendant's requested discovery related to these noted nineteen (19) requests for production concerning *knowingly* was already provided to Defendants in documents attached to motions and filings." Dkt. No. 66 at 22-23.

Herring replies "the majority of Herring's requests for production (and his interrogatories) were crafted to obtain" evidence in support of Lopez's claim that Herring or a "third party" allegedly knowingly obtained Lopez's information from the Texas DMV. Dkt. No. 70 at 5-6.

Herring explains that, "[f]or example, since Lopez contended in his Initial Disclosures that certain individuals had knowledge of Herring's alleged acquisition of Lopez's motor vehicle information from the DMV and Herring's marketing practices and since Lopez's current complaint makes numerous references to Herring's alleged 'knowing' violations of the DPPA, Herring asked Lopez to provide the documents in his possession custody or control that supported those contentions. (See Request Nos. 4-9, 33 & 34) The Response does nothing to confirm Lopez's position that those requests are somehow overly broad, unduly burdensome, vague, ambiguous, call for information that is somehow privileged, and in some instances how those requests are

-57-

'argumentative.'" *Id.* at 6. And, according to Herring, Lopez's response "is silent as to the requests Herring crafted to obtain the same supporting evidence from the 'third parties' identified in Lopez's Initial Disclosures and his current complaint. (See Request Nos. 10-17) Further, the Response does not contain support for the objections asserted in response to Request Nos. 31, 32 and 36, which were crafted to obtain evidence in support of Lopez's contentions in his current complaint about Herring's supposed knowing violation of the DPPA." *Id.*

The Court agrees. Lopez again has not identified how he complied with Rule 34(b)(2)(E)(i)'s requirements in generally pointing Herring to produced documents responsive to Request for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 31, 32, 33, 34, or 36. Lopez's objections to these nineteen requests are unsupported and unsustainable boilerplate and are overruled and, for that matter, as to those objections that Lopez has not expressly urged and argued in support in responding to the MTC, are waived. Further, again, Lopez's responding "subject to" and "without waiving" those objections is improper, and Lopez states in his responses that he is withholding unspecified responsive document based on his objections. And Lopez has not complied with Rule 26(b)(5)(A)'s requirements for any documents or ESI withheld on the basis of privilege or work product.

And, as explained above, Lopez cannot resist discovery into the key "knowingly" requirement of his DPPA claim based on his belief that he will prevail, much less on any misapprehension that he already has conclusively prevailed on this element of his claim.

The Court grants Herring's MTC as to Request for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 31, 32, 33, 34, and 36 and orders Lopez to, by **August 14. 2018**, serve on Herring's counsel complete written responses – without objections – to, and produce all previously unproduced, responsive documents in response to, Request for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 31, 32, 33, 34, and 36 in compliance with Rule 34(b)'s requirements.

### C. Communication with Defendant – Request for Production Nos. 18 & 19

As to these requests, Lopez responds that "the information had already been supplied to the Defendant" and that Lopez "can't produce additional document that it doesn't possess" and "should not have to produce documents already provided to Defendant." Dkt. No. 66 at 24. Lopez "reaffirms to the Defendant, and this Court, that Plaintiff is not in possession of any documents that have not already been provided to the Defendant, in that, all communications or correspondence sent to or received from [Herring] Ltd., and/or Don Herring Mitsubishi ('Mitsubishi') have been attached as exhibits to Plaintiff's motions." *Id.*

Herring replies that Lopez's response "is lacking on justification for the matching objections that Lopez asserts to these requests, which clearly fall within the scope of appropriate discovery in light of Lopez's claim that he received a mailer from Herring," and that "the objections to these requests should be overruled and Lopez should be compelled to provide copies of the responsive documents in his possession, custody and control." Dkt. No. 70 at 7. And, Herring argues, "Lopez's 'confirmation'

that he has already provided all responsive documentation in various unnamed exhibits to unspecified motions that could have been filed over the past twenty-two (22) months does not comply with the requirements of Rule 34(b)." *Id.*

Lopez's boilerplate objections to these two requests are overruled, but a party "cannot produce what it does not have," and "so, [c]learly, the court cannot compel [a party] to produce non-existent documents." *ORIX USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (internal quotation marks omitted) (collecting cases). Nevertheless, Herring is correct that Lopez must comply with Rule 34(b)'s requirements, including 34(b)(2)(E)(i), when supplementing its responses with a representation that there are no additional unproduced, responsive documents.

The Court accordingly orders Lopez to, by **August 14, 2018**, serve on Herring's counsel complete written responses – without objections – to Request for Production Nos. 18 and 19 in compliance with Rule 34(b)'s requirements.

### D. Attorney Work Product Doctrine – Communications with Third Parties – Request for Production Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, & 30

Lopez asserts attorney work product protection in connection with these requests for "all communications or correspondence Plaintiff sent to or received from the following third parties: (20) Tacito & Associates and/or Tacito Direct, (21) Anthony J. Tacito a/k/a A.J. Tacito a/k/a Tony Tacito, (22) BB Direct, Inc., (23) Brian Berg, (24) Netunim, LP, (25) Datashark, LLC, (26) Socharet, LLC, and (27) Monica Braverman, (28) Office of the Attorney General, (29) TXDMV, and (30) Randall Noe Auto Group."

Dkt. No. 66 at 24-25. Lopez now reports that he "will supplement [his] request for production responses, waiving the objection for the limited purpose of responding to the inquiry as to the following third parties: (20) Tacito & Associates and/or Tacito Direct, (21) Anthony J. Tacito a/k/a A.J. Tacito a/k/a Tony Tacito, (22) BB Direct, Inc., (23) Brian Berg, (24) Netunim, LP, (25) Datashark, LLC, (26) Socharet, LLC, and (27) Monica Braverman." *Id.* at 25. Lopez reports that he "is not in possession of any communications or correspondence with the above third parties which has not already been provided to Defendant, attached as exhibits to motions and filings." *Id.*

And Lopez explains that he "will supplement [his] request for production responses, waiving the objection for the limited purpose of responding to the inquiry, as to the following third party: (30) Randall Noe Auto Group." *Id.* at 26. But Lopez reports that he "is unable to locate any communications or correspondence with this party" but "will supplement if necessary after further investigation." *Id.*

Lopez further explains that he "will supplement [his] request for production responses, waiving the objection for the limited purpose of responding to the inquiry, as to all communications or correspondence Plaintiff sent to or received from the (28) Office of the Attorney General and/or the (29) TXDMV regarding the acquisition by LTD" but explains that he "is not in possession of any such communications or correspondence." *Id.*

But Lopez maintains his stated work product objection as to all communications or correspondence Plaintiff sent to or received from the Office of the Attorney General and the TXDMV "regarding 'others of Plaintiff's motor vehicle record data,' a sub

inquiry within request for production no. 28 and 29." *Id.* And Lopez seeks to amend his objections to add a vagueness objection as to the undefined phrase "others of Plaintiff's motor vehicle record data." *Id.* Lopez explains that his counsel claims work product protection over "a multitude of documents related to persons and/or entities that obtain motor vehicle records in bulk." *Id.* at 27.

Herring replies Lopez's response to the MTC "limits Lopez's arguments to Request Nos. 20-30 of Herring's requests for production, all of which inquire about Lopez's communications with third parties, including individuals and entities identified in Lopez's Initial Disclosures." Dkt. No. 70 at 7. Herring contends that Lopez's "Response, for the most part, fails to offer any justification for Lopez's assertion of privilege beyond the contents of Lopez's original objections to Herring's Requests for Production (See Doc. No. 63-7, P. 10-31) and no sworn evidence was offered" and that, "[f]or example, the bulk of page 25 of the Response is a "cut and paste" of the objections Lopez asserted in his responses to Request Nos. 28 and 29 (See Doc. No. 63-7, P. 24-25)." *Id.* at 7. Herring contends that therefore "Lopez's objections (and his assertions of privilege) to Request Nos. 20-30 should be overruled, and he should be compelled to produce responsive documentation, if any exists." *Id.* at 8.

But, Herring notes, "[t]he only specific argument in the Response regarding Lopez's unfounded and improper assertions of privilege is tied to Request Nos. 28 and 29," as to which, "[f]irst, Lopez argues an omitted objection that these requests are somehow vague – but it is axiomatic that the failure to assert an objection in a timely manner results in the waiver of that objection" – and, "[s]econd, Lopez attempts to

support his omitted 'vague' objection by emphasizing an excerpt of each request – but when they are read in their entirety – the requests are clearly crafted to request communications and correspondence Lopez has exchanged with the DMV and the Office of the Attorney General related only to the purported acquisition of Lopez's motor vehicle data, by Herring or others, as alleged by Lopez in his current complaint." *Id.* And, according to Herring, "although the Response makes reference 'facts' related to the nature of Lopez's counsel's legal practice, these 'facts' are irrelevant in light of the narrow scope of Request Nos. 28 and 29" and "are unsupported in an affidavit or other sworn evidence." *Id.*

The Court agrees that Herring's requests for production cannot be read to call for production of materials that Lopez's counsel has obtained outside of communications and correspondence Lopez has exchanged with the DMV and the Office of the Attorney General related only to the purported acquisition of Lopez's motor vehicle data, by Herring or others – as to which Lopez is now waiving any work product assertions. Further, by failing to raise this vagueness objection before responding to the MTC, Lopez has waived this objection. And Lopez has not complied with Rule 26(b)(5)(A)'s requirements for any documents or ESI withheld on the basis of work product that would otherwise be responsive to Request for Production Nos. 20 through 30, properly understood.

With this understanding, the Court orders Lopez to, by **August 14. 2018**, serve on Herring's counsel complete written responses – without objections – to, and produce all previously unproduced, responsive documents in response to, Request for

Production Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 in compliance with Rule 34(b)'s requirements.

V.     Award of expenses

Under Rule 37(a)(5)(C), the Court determines that, considering all of the circumstances here, the parties will bear their own expenses, including attorneys' fees, in connection with Herring's MTC as to Lopez's Rule 26(a)(1)(A)(ii) initial disclosures in light of the Court's rulings based on Herring's informal request notwithstanding Lopez's counsel's promise to provide copies.

As to the MTC as to Herring's requests for production and interrogatories, the Court might have considered entering an order requiring it or its counsel to pay Herring, under Rule 37(a)(5)(C), the expenses, including attorneys' fees, that Herring incurred in drafting and filing its MTC and reply in support as to these requests for production and interrogatories based on Lopez's of objecting and responding.

But, as Lopez points out, Herring responded to Lopez's requests for production a few months ago with Herring's own objections and responses that begin with a list of "General Objections to Instructions and Definitions" before addressing any specific discovery requests and that then purported to incorporate by reference all of those general objections into every specific response to every specific discovery request. *See* Dkt. No. 67 at 2-4 of 46. Herring's responses to Lopez's 100 requests for production then each deploy what appear to be unsupported and unsustainable boilerplate objections and either report that Herring is withholding unspecified responsive

document based on these objections or responds "subject to" those objections. *See id.* at 4-43 of 46.

The Court determines that any award of MTC-related expenses to Herring, including based on Lopez's manner of objecting and responding or answering to Herring's requests for production and interrogatories, would be unjust under Rule 37(a)(5) under these circumstances.

For all of these reasons, the Court orders under Rule 37(a)(5)(C) that the parties will bear all of their own expenses, including attorneys' fees, in connection with Herring's MTC.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendant Don Herring Ltd.'s Motion to Compel [Dkt. No. 63].

SO ORDERED.

DATED: August 1, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE